UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 22-cv-20917-KMW

ENRIQUE MADRINAN,

    Plaintiff,

v.

VE RESTAURANT GROUP, LLC d/b/a
BARSECCO/PAPERFISH,
1414 BRICKELL, LLC, MIAMI-DADE
COUNTY, and THE CITY OF MIAMI,

    Defendants.
_____/

## DEFENDANT, 1414 BRICKELL, LLC'S ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW the Defendant, 1414 BRICKELL, LLC, by and through undersigned counsel, hereby responds to Plaintiff's Complaint as follows:

## GENERAL ALLEGATIONS

1. Admit for purposes of jurisdiction only.

2. Without knowledge; therefore, denied.

3. Without knowledge; therefore, denied.

4. Without knowledge; therefore, denied.

5. Without knowledge; therefore, denied

## COUNT II – NEGLIGENCE AGAINST 1414 BRICKELL, LLC

22. Defendant reasserts its response to 1-5 as if set out in full herein.

23. Admit.

24. Denied as phrased.

25. Without knowledge where the accident occurred; therefore, denied.

26. Without knowledge where the accident occurred; therefore, denied.

27. Without knowledge how the accident occurred; therefore, denied.

28. Denied.

29. Without knowledge how the accident occurred; therefore, denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

### COUNT VI – ADA VIOLATION AGAINST 1414 BRICKELL, LLC

148. Defendant reasserts its responses to 1-5 as if set out in full herein.

149. Admit for purposes of jurisdiction only.

150. Admit for purposes of jurisdiction only.

151. Without knowledge; therefore denied.

152. Without knowledge; therefore denied.

153. Without knowledge; therefore denied.

154. Admit that Defendant is an LLC and is the owner of the commercial property where Defendant VE Restaurant Group, LLC is located. Denied as to the remainder.

155. Denied.

156. Without knowledge; therefore denied.

157. The law speaks for itself. To the extent a response is required, denied as applicable to Defendant.

158. The law speaks for itself. To the extent a response is required, denied as applicable to Defendant.

159. The law speaks for itself. To the extent a response is required, denied as applicable to Defendant.

160. The law speaks for itself. To the extent a response is required, denied as applicable to Defendant.

161. The law speaks for itself. To the extent a response is required, denied as applicable to Defendant.

162. Denied.

163. Denied.

164. Denied.

165. Denied.

166. Denied.

167. Denied.

168. Denied.

169. Denied as phrased.

170. Denied.

171. Denied.

172. Denied as phrased.

173. Denied.

174. Denied.

175. Denied.

176. Denied.

177. Without knowledge; therefore, denied.

178. Without knowledge; therefore, denied.

179. Without knowledge; therefore, denied.

180. Denied.

181. Denied.

182. Denied.

183. Denied.

184. Denied.

185. Denied.

186. Denied.

187. Denied.

188. Denied.

189. Denied.

190. Denied.

191. Denied.

192. Admit for purposes of jurisdiction only.

193. The law speaks for itself.  To the extent a response is required, denied as applicable to Defendant.

194. Denied as phrased.

195. The law speaks for itself.  To the extent a response is required, denied as applicable to Defendant.

196. Denied as phrased.

197. The law speaks for itself. To the extent a response is required, denied as applicable to Defendant.

198. The law speaks for itself. To the extent a response is required, denied as applicable to Defendant.

199. The law speaks for itself. To the extent a response is required, denied as applicable to Defendant.

200. The law speaks for itself. To the extent a response is required, denied as applicable to Defendant.

201. The law speaks for itself. To the extent a response is required, denied as applicable to Defendant.

202. The law speaks for itself. To the extent a response is required, denied as applicable to Defendant.

203. Denied as phrased.

204. Denied as phrased.

205. Denied as phrased.

206. Denied as phrased.

207. The law speaks for itself. To the extent a response is required, denied as applicable to Defendant.

208. The law speaks for itself. To the extent a response is required, denied as applicable to Defendant.

209. Denied as phrased.

210. Denied.

211. Denied as phrased.

212. Denied.

213. Denied.

214. Denied.

215. Denied.

216. Denied.

217. Denied.

218. Denied.

219. Denied.

220. Denied.

221. Denied.

222. Denied as phrased.

## GENERAL DENIAL

Any allegation not expressly admitted is hereby denied.

## AFFIRMATIVE DEFENSES

1. Plaintiff was guilty of negligence and this negligence was a legal cause of any degree of damages suffered by Plaintiff, and Plaintiff is hereby entitled only to such damages, if any and to the extent/percentage, as were legally caused by Defendant herein.

2. Plaintiff's claims for injuries and damages as a result of the occurrence alleged in the Complaint are barred, or, in the alternative, are subject to reduction to the extent that such injuries and damages were compensated or subject to compensation by "collateral sources," as that term is used in any Florida Statute.

3. The injuries allegedly suffered by the Plaintiff were due to circumstances, conditions, or events beyond the control of Defendant. Pursuant to *Fabre*, the third parties who may/are responsible for any negligence are: VE RESTAURANT GROUP, LLC d/b/a BARSECCO/PAPERFISH, MIAMI-DADE COUNTY, and THE CITY OF MIAMI.

4. The Plaintiff failed to mitigate the damages.

5. The Complaint fails to state a cause of action upon which relief may be granted to the extent it is confirmed (1) Defendant was not obligated to maintain the area where Plaintiff fell; (2) Defendant's leasing the premises to a third party (VE RESTAURANT GROUP, LLC) without having the ability to provide any input into the lessee's modifications insulates Defendant from any alleged ADA violations; (3) Plaintiff fails to state a cause of action giving rise to equitable relief; and/or (4) Plaintiff fails to state a cause of action giving rise to punitive damages.

6. Plaintiff lacks standing.

7. Compliance with Plaintiff's complaints would be structurally impracticable.

8. All or part of Plaintiff's claims are barred by the statute of limitations.

9. At all times material hereto, Defendant complied with any and all standards applicable to Defendant.

**DEMAND FOR JURY TRIAL**

Defendant demands a trial by jury on all issues so triable.

*THE REST OF THIS PAGE WAS INTENTIONALLY LEFT BLANK*

Dated this 30th day of March, 2022.

        Respectfully submitted,

_____
Carlo D. Marichal, Esq.
FBN: 99034
BANKER LOPEZ GASSLER P.A.
1200 S. Pine Island Rd. #170
Plantation, FL 33324
Service-cmarichal@bankerlopez.com
Phone: 954-703-3597
Fax: 954-533-3051

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was served on all counsel of record identified in the service list below via CM/ECF on this 30th day of March, 2022.

_____
Carlo D. Marichal, Esq.
FBN: 99034

## SERVICE LIST

JEFFREY S. HIRSH, ESQ.
Goldberg & Hirsh, PA
SunTrust International Center
One Southeast Third Avenue
Suite 3020
Miami, Fl 33131
Telephone: (305) 372-9601
Facsimile: (305) 372-2323
Email: jhirsh@goldbeghirshpa.com
Secondary Email: agarcia@goldberghirshpa.com
**Attorney for the Plaintiff**

VICTORIA MÉNDEZ, City Attorney
STEPHANIE K. PANOFF,
Assistant City Attorney

444 S.W. 2nd Avenue, Suite 945
Miami, FL 33130-1910
Tel.: (305) 416-1800
Fax: (305) 400-5071
Email: skpanoff@miamigov.com
Secondary Email: smfernandez@miamigov.com
**Attorneys for City of Miami**